**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-3623

UNITED STATES OF AMERICA

v.

AHMED WALKER,
a/k/a Amelios,
a/k/a Ammo

Ahmed Walker,
                                        Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-00-cr-00300-003)
District Judge:  Honorable Sylvia Rambo

Submitted under Third Circuit LAR 34.1
on July 15, 2011

Before:  RENDELL, SMITH and ROTH, <u>Circuit Judges</u>

(Opinion filed: September 29, 2011)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

Ahmed Walker appeals from the District Court's partial denial of his 28 U.S.C. §

1

2255 petition; he also appeals the new sentence imposed after the partial grant of his petition. The District Court certified for appeal two ineffective assistance of counsel claims and one sentencing issue.[1] However, Walker also claims on this appeal that his new sentence is unreasonable. This issue was not covered by the certificate of appealability. Nevertheless, we will permit the review of the newly imposed sentence because otherwise Wilson would have no opportunity to have it reviewed. *See United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007) (holding that, on appeal of a § 2255 order, to the extent that a claim is made that the newly imposed sentence is not in conformity with the Constitution or Sentencing Guidelines, then the prisoner "is appealing a new criminal sentence and therefore need not obtain a COA under §§ 3742(a) and 1291."); *United States v. Futch*, 518 F.3d 887, 894 (11th Cir. 2008). For the reasons discussed below, we will affirm.

On May 16, 2001, a grand jury issued a superseding indictment charging Walker and two co-defendants with seven counts arising from their participation in a shootout at the Lebanon Village Apartments with a rival drug gang from New York.[2] Walker

___

[1] In light of the Supreme Court's holding in *Abbott v. United States*, __ U.S. __, 131 S. Ct. 18 (2010), Walker withdrew his application for certificate of appealability on the sentencing issue. (Appellant Br. at 16 n.10.) We therefore do not have jurisdiction to consider this issue. *See* 18 U.S.C. § 2253(c)(3).

[2] Walker was charged with six counts: (1) conspiracy to possess, use, carry, brandish, and discharge firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) and (o); (2) possessing, brandishing and discharging a firearm in furtherance of drug trafficking on March 13, 2000, in violation of 18 U.S.C. § 924(c); (3) possession of firearms in furtherance of drug trafficking on July 12, 2000, in violation of 18 U.S.C. § 924(c); (4) possessing, brandishing and discharging a firearm in furtherance of drug trafficking between July 18, 2000, and July 21, 2000, in violation of 18 U.S.C. §

pleaded not guilty and proceeded to trial.

In the midst of trial, Walker's co-defendants entered into guilty pleas with the government. After the guilty pleas were entered with the trial court, Walker's trial counsel moved for a mistrial, arguing that no curative instruction would adequately address why Walker remained in the courtroom and that the testimony of two witnesses would not have been admitted had Walker been the only defendant. The trial court denied the motion but gave the jury a curative instruction.

During the trial, Dennis Rittle also twice stated in his testimony that Walker had been shot, despite the District Court's pre-trial ruling that any reference to an unrelated shooting in which Walker had been injured was inadmissible. Rittle's statements were brief and addressed the injury Walker sustained during the July 21, 2000, shooting. The government did not improperly elicit this testimony and, in response, sought to avoid drawing further attention to the testimony by directing Rittle to other subjects. Walker's trial counsel moved for a mistrial on the grounds that Rittle's two references to Walker's shooting injuries were inappropriate. The trial court denied Walker's motion. Walker's counsel did not seek a curative instruction.

The jury found Walker guilty on all counts. The District Court sentenced Walker to 681 months' imprisonment. On appeal, we vacated his sentence in part and remanded for resentencing. *See United States v. Walker*, 136 Fed. Appx. 524, 526 (3d Cir. 2005).

924(c); (5) criminal conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, cocaine hydrochloride and heroin, in violation of 21 U.S.C. §846; and (6) distribution and possession with intent to distribute 50 grams or more of crack cocaine, cocaine hydrochloride, heroin, and marijuana, in violation of 21 U.S.C. § 841(a). (Dkt. 48.)

3

On remand, the District Court reduced Walker's sentence to 622 months. In a subsequent appeal, we affirmed Walker's second sentence. *See United States v. Walker*, 251 Fed. Appx. 735 (3d Cir. 2006), *cert. denied Walker v. United States*, 557 U.S. 1137 (2007).

Walker then filed a *pro se* habeas petition under 28 U.S.C. § 2255, alleging fourteen claims of error including ineffective assistance by trial and appellate counsel. The court held an evidentiary hearing on April 20, 2010, and permitted Walker to file a supplemental post-hearing brief.

During the evidentiary hearing, Walker's trial counsel testified that he had moved for a mistrial – rather than requesting a curative instruction – after the co-defendants pleaded guilty and were excused from the trial because he "basically[] didn't think the curative instruction was adequate – [he] didn't think the curative instruction would suffice." With respect to Rittle's statements about Walker's gunshot wound, although he "[had] no independent recollection of what [he] was thinking at that time" because the trial occurred eight years before, counsel stated that he did not seek a curative instruction concerning those statements because he "didn't want to cause it anymore – give anymore importance to it or bring it up again."

The court granted in part and denied in part Walker's habeas petition, vacated his conviction as to Count 4, and resentenced him to 289 months imprisonment.[3] With

_____

[3] The District Court granted Walker's motion as to his claim that the trial court erred when it imposed two consecutive sentences for possession of a firearm in furtherance of drug trafficking. Relying on *United States v. Diaz*, 592 F.3d 467, 475 (3d Cir. 2010), the District Court held that because there was no way of knowing which predicate offense was associated with which § 924(c) charge, it could not "simply assume that the § 924(c) charges were tied to the separate predicate offenses."

respect to the curative instruction related to the co-defendants' absence, the court noted that "it certainly would have been preferable for the court to have explicitly stated that the absence of other defendants should not be held against Walker, rather than simply stating that the reasons for their absence was not a matter for the jury's concern," but ultimately concluded that the district court's instruction was not so "woefully inadequate" as to call the proceedings into question. As for the shooting incident, the court found that trial counsel's decision not to request a curative instruction was "the sort of strategic decision made by trial counsel that falls well within the wide range of reasonable professional assistance."

We have appellate jurisdiction of this appeal pursuant to 28 U.S.C. §§ 1291 and 2255(d). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to the District Court's factual findings in a habeas proceeding. *United States v. Cepero*, 224 F.3d 245, 258 (3d Cir. 2000) (*en banc*).

To succeed on his ineffective assistance of counsel claims, Walker must demonstrate (1) that trial counsel's performance was unconstitutionally deficient and that (2) such performance prejudiced Walker's defense. *Boyd v. Waymart*, 579 F.3d 330, 350 (3d Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984)). We agree with the District Court's determinations on both claims of ineffective assistance.

As for his sentence, Walker first contends that it was unreasonable because it should have been reduced by six months for time served on a related state offense. We have determined, however, after our review of the record that the six months imprisonment in question was served on an unrelated aggravated assault offense. Thus,

the District Court did not err in failing to credit Walker for that period. As to the claim that the sentence was unreasonable, our review also convinces us that, in imposing the below-the-guidelines sentence, the District court listened carefully to Walker and his counsel and considered their contentions and the applicable § 3553 factors. *See United States v. Cooper*, 562 F.3d 558, 569 (3d Cir. 2009). We conclude that the greatly reduced sentence was reasonable and the District Court did not abuse its discretion in imposing it.

We will therefore affirm the judgment of the District Court.